[Crim. No. 16310.  Second Dist., Div. Four.  Dec. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN KENNETH SCOGLIO, Defendant and Appellant.

**COUNSEL**

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**JEFFERSON, Acting P. J.**—The court found defendant guilty of robbery in the second degree and granted him probation. He appeals.[1]

Shortly after midnight George Galloway was walking home when he was attacked by two men. They hit him with their fists and kicked him knocking him to the pavement. They told him to be quiet and not to move or they would kill him. They took $1.75 from his pocket and walked off down the street. As soon as they left Galloway got up. His nose and mouth were bleeding and his rib cage hurt. He proceeded to the corner and there flagged down a passing police car. He told the officer what had just happened and pointed down the street in the direction the two men were heading.

Officer Lamb was the officer Galloway flagged down. When Galloway told him what happened, Lamb called for a backup unit and then drove west, the direction Galloway said his assailants headed. The officer then spotted two men, defendant and Rene De Resa. They were headed west about four blocks down the street. No other persons were walking on the street at the time. The officer detained defendant and his companion for a few minutes until the backup police car arrived carrying Galloway. After Galloway identified them as the men who attacked him, they were placed under arrest.

---

[1] In defendant's in *propria persona* notice of appeal, he states that he is appealing "from the judgment of conviction, from the order denying the motion for a new trial, and from the order denying probation." As indicated, defendant was in fact granted probation. The order denying the motion for new trial is not appealable. We treat the notice of appeal as an appeal from the order granting probation, deemed a final judgment under Penal Code, section 1237, subdivision 1.

On the question of identification, at the trial Galloway testified that he could not then identify defendant as one of his assailants; that "all teenagers look alike to me." Upon being further questioned by the prosecutor, he acknowledged that he had identified defendant and his companion when the police brought him to the place they were being detained shortly after the crime was committed. In response to questioning by the court, the witness stated that he had talked to defendant and his father before he had testified that morning; that he used to know defendant's father. He was then asked: "Q All right, now, will you tell me the words you spoke to the defendant? "A I told him, 'Well, what happened to the other boy?'" The witness then added this comment: "The other boy was the one that hit me, not this boy." On cross-examination by defense counsel, Galloway indicated that he had been drinking at a bar with some friends earlier that evening and that the attack occurred shortly after he left the bar. On redirect examination it was elicited that the witness had identified defendant at the preliminary hearing. Officer Lamb's testimony followed. He indicated that Galloway positively identified defendant and De Resa when he was brought to the spot they were being detained shortly after the crime occurred.

After the People rested, the defense called De Resa as a witness. (As was the case with the other witnesses, De Resa was not permitted in the courtroom before being called to testify.) He denied any involvement in the crime and related that he and defendant were walking home from a dance when they were stopped by the officer. Another police officer then brought over a man he had never seen before. The man's nose was bleeding and he looked like he had been drinking. The man told the police that they had robbed him. Defendant then testified telling the same story as De Resa.

In rebutttal the prosecution again called Galloway. He testified that he recognized De Resa as "the one that beat me up." On cross-examination it was elicited that Galloway had testified against De Resa in a juvenile court proceeding brought against De Resa as the result of the same incident.

The defense then recalled De Resa. He testified that he was acquitted in the juvenile court proceeding.

Defendant first contends that he should have been acquitted because the issues had already been litigated in De Resa's juvenile court hearing where the court ruled in De Resa's favor. The argument lacks merit. ▮ It is well settled that where the same criminal act or transaction gives rise to criminal liability in more than one defendant, a judgment acquitting one defendant does not operate as res judicata in the prosecution of another defendant. (*People* v. *Collins,* 242 Cal.App.2d 626, 634 [51 Cal.Rptr.

604]; 1 Witkin, Cal. Crimes (1963), § 223, pp. 212-213; 9 A.L.R.3d, p. 218.) The same rule obviously applies where a juvenile court proceeding is involved.

■ Defendant further contends that the evidence of guilt is insufficient because the victim failed to identify him at the trial and the evidence of his previous on-the-scene and preliminary hearing identifications had legal significance only as impeaching evidence and not as substantive evidence. ■ Contrary to the basic premise for defendant's argument, the evidence of the prior identifications was admissible as substantive evidence. Section 1238 of the Evidence Code provides: "Evidence of a statement previously made by a witness is not made inadmissible by the hearsay rule if the statement would have been admissible if made by him while testifying and: (a) The statement is an identification of a party or another as a person who participated in a crime or other occurrence; (b) The statement was made at a time when the crime or other occurrence was fresh in the witness' memory; and (c) The evidence of the statement is offered after the witness testifies that he made the identification and that it was a true reflection of his opinion at that time." Both the testimony of Officer Lamb that the victim identified defendant shortly after the robbery, and the cross-examination testimony of the victim that he identified him then and at the preliminary hearing, met the criteria of admissibility set out in section 1238.

The case of *People* v. *Johnson,* 68 Cal.2d 646 [68 Cal.Rptr. 599, 441 P.2d 111], cited by defendant, has no application. There the court held unconstitutional Evidence Code, section 1235, insofar as it purported to authorize the use, as substantive evidence, of prior, extrajudicial, *inconsistent* statements of a trial witness. Section 1235 was not involved here, however. As indicated, the witness Galloway did not deny having made the prior identifications but rather admitted making them. Under such circumstances, the applicable section is section 1238, not section 1235. (See Law Revision Commission Comment to Evid. Code, § 1238.)

■ Even without considering the evidence of the victim's pretrial identifications, substantial evidence was presented to support defendant's conviction. Notwithstanding the initial statement of the witness that he could not identify defendant, his later testimony on cross-examination supports the conclusion that defendant was indeed one of his assailants. (See above statement of the facts.) On top of this evidence, the victim was later recalled and testified that defendant's companion was one of the robbers. Defendant and the companion were observed walking on the otherwise deserted street in the direction the victim said his assailants were headed about four blocks away and only minutes after the crime. These circumstances clearly support the inference that defendant was the other robber.

■ Contrary to defendant's assertion, he had no right to the presence of counsel when the victim identified him at the scene where he was being detained minutes after the crime. The constitutional right of a suspect to counsel at pretrial confrontations with alleged victims or witnesses to crime does not extend to such on-the-scene confrontations. (*People* v. *Colgain*, 276 Cal.App.2d 118, 124-127 [80 Cal.Rptr. 659]; *People* v. *Irvin*, 264 Cal.App.2d 747, 759-760 [70 Cal.Rptr. 892]; *People* v. *Burns*, 270 Cal.App.2d 238, 245-246 [75 Cal.Rptr. 688].)

■ Defendant's final argument is that the People were guilty of suppressing evidence because the arresting officer failed to give the victim a sobriety test to determine if his ability to make an identification was impaired by intoxication. The evidence indicates that the victim had been drinking. The officer testified that the victim appeared intoxicated but that he could not smell anything on his breath. He also testified that his mouth was bleeding. Defendant's companion testified that he asked the officer to give the victim a sobriety test when the victim first identified them, but that the officer refused. The officer testified that he did not recall that such a request was made; that he did not however, administer any test. ■ An officer with probable cause to arrest on charges involving intoxication, has legal justification to require the suspect to take a sobriety test. But we know of no authority which would permit the administering of such a test to the victim of a crime as part of an investigation. In any event, "The mere fact investigating officers do not pursue every possible means of investigation does not, standing alone, constitute . . . a suppression of evidence. A failure to look for evidence is quite different from suppressing known evidence, but in either case the defendant must demonstrate that he has been prejudiced thereby." (*People* v. *Noisey*, 265 Cal. App.2d 543, 550 [71 Cal.Rptr. 339]. See also *People* v. *Martin*, *(Cal. App.) 78 Cal.Rptr. 552.) No prejudice is shown here.

The judgment (order granting probation) is affirmed.

Kingsley, J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 18, 1970.

---

*A hearing was granted by the Supreme Court on August 13, 1969. The opinion of that court is reported in 2 Cal.3d 822 [87 Cal.Rptr. 709, 471 P.2d 29].