[Crim. No. 3168. Fifth Dist. Sept. 29, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DEO MATA, Defendant and Appellant.

## COUNSEL

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just and Eddie T. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

GINSBURG, J.*—In this case, we consider whether the doctrine of collateral estoppel bars the conviction of one of three coconspirators of murder in the first degree where one of his two coconspirators has previously been convicted of the lesser offense of murder in the second degree. We have concluded that where, as in the instant case, the accused's guilt need not be predicated upon the guilt of his previously tried confederate, the doctrine of collateral estoppel does not apply.

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

## FACTS AND BACKGROUND

This case arose out of a planned robbery and the killing of the victim in the course of the robbery. On May 18, 1976, appellant, together with one Castro and one Guerrero, agreed to rob the victim, a storekeeper. Guerrero, in accordance with their agreement, left the others to borrow his father's pickup truck. Meanwhile, Castro armed himself with a knife. After Guerrero returned, the three proceeded to the store and Guerrero, again in accordance with their plan, remained outside in the getaway vehicle while appellant and Castro entered the store and robbed the victim. While he and appellant were still in the store, Castro stabbed the victim several times in the neck, resulting in the victim's death.

All three participants were subsequently charged with murder in the *first* degree, robbery in the first degree, and conspiracy to commit robbery. Guerrero was tried separately from appellant and Castro and was found guilty of murder in the *second* degree as well as guilty of the other counts charged. Thereafter, appellant was tried under the original charges. At his trial, appellant objected to the giving of any instructions to the jury concerning *first* degree murder on the ground that the state was estopped from prosecuting him for more than *second* degree murder by the verdict in the case against Guerrero. His objection was overruled, and he was subsequently found guilty of murder in the first degree, as well as guilty of the other offenses charged.[1]

## APPELLANT'S CONTENTIONS

Appellant's sole contention on appeal is that the previous conviction of his accomplice, Guerrero, of murder in the second degree precluded his own conviction of murder in the first degree by reason of the doctrine of collateral estoppel. Basing his arguments primarily on the case of *People v. Taylor* (1974) 12 Cal.3d 686 [117 Cal.Rptr. 70, 527 P.2d 622],[2] he argues

[1]Castro later, after the trial of appellant, pleaded guilty to murder in the first degree.

[2]In *Taylor*, the appellant, Taylor, one Daniels, and one Smith planned and executed a robbery. Taylor, according to a preconceived plan, acted as lookout and driver of the getaway vehicle, the position of the coconspirator Guerrero in the case at bench. Smith and Daniels went into the store and physically committed the robbery. During the course of the robbery Smith was killed; as a result, Daniels and Taylor were charged with murder in the first degree and robbery. In a separate trial Daniels was acquitted of the murder charge, although convicted of the robbery. Taylor was subsequently convicted of both the robbery and the murder charges. The Supreme Court held that by reason of the acquittal of Daniels, the state was collaterally estopped from bringing the murder charge against Taylor. The court reasoned that malice could only have been *imputed* to Taylor from Daniels, the sole remaining perpetrator; and since Daniels had been acquitted of the charge, there could be no imputation to Taylor.

that the issues litigated in his case were identical with the issues litigated in Guerrero's case. He reasons that both conspired to commit the robbery with the third person, Castro; that Castro did the actual killing; that neither had any knowledge of or intent to perpetrate the homicide, and therefore they both stand in identical legal positions. He then infers from the verdict of second degree murder in the Guerrero case that the jury found the killing did not occur as a felony murder, arguing that a contrary finding necessarily would have resulted in a verdict of first degree murder. Interpreting this as a final judgment on the merits in the case of a party in privity with appellant, he raises the doctrine of collateral estoppel.

## DISCUSSION

It is clear that in cases where there are multiple defendants, or in multiple cases arising out of the same offense, the mere fact standing alone that verdicts are, or appear to be, inconsistent does not give rise to collateral estoppel. Specific issues may be decided differently in different cases. (*People* v. *Collins* (1966) 242 Cal.App.2d 626, 634 [51 Cal.Rptr. 604].) Likewise, a judgment acquitting one defendant does not generally bar subsequent criminal liability of a codefendant. As the court said in *People* v. *Scoglio* (1969) 3 Cal.App.3d 1, at page 4 [82 Cal.Rptr. 869]: "It is well settled that where the same criminal act or transaction gives rise to criminal liability in more than one defendant, a judgment acquitting one defendant does not operate as res judicata in the prosecution of another defendant. [Citations.]"

The applicability of the same rule to different degrees in verdicts is recognized in *People* v. *Blackwood* (1939) 35 Cal.App.2d 728, 733 [96 P.2d 982], where the court says: "We do not believe that the rule that the two principals are equally guilty is so inflexible that a jury might not find them guilty of different degrees of crime even though they are tried jointly. *For the evidence against them is not necessarily precisely the same.*" (Italics added.) It is also obvious that a trier of fact has the power to find, without apparent reason, a particular defendant guilty of a lesser degree or class of crime than that shown by the evidence. (See *People* v. *Powell* (1949) 34 Cal.2d 196, 205 [208 P.2d 974].)

The cases in which the doctrine of collateral estoppel has been applied fall generally into two closely analogous categories: (1) where

some element of the crime must necessarily be imputed to the defendant from an acquitted codefendant; and (2) where it would be legally impossible for the particular defendant to have committed the act charged unless his previously acquitted coconspirator were also guilty.

In the first category we find *People* v. *Taylor, supra,* 12 Cal.3d 686, where appellant Taylor could have been found guilty only if malice was imputed to him from the previously acquitted Daniels, the sole remaining perpetrator. Likewise, in *People* v. *Angelopoulos* (1939) 30 Cal.App.2d 538, 550 [86 P.2d 873], the court found that Angelopoulos, the alleged principal in a charge of arson, could not be found guilty where the only possible theory of the prosecution was that his alleged agents, who had been previously acquitted, actually set the fire.

In the second category of cases we find *People* v. *Superior Court (Jackson)* (1975) 44 Cal.App.3d 494 [118 Cal.Rptr. 702]. There Jackson had been charged with conspiracy with two others to commit robbery; his alleged coconspirators were both acquitted of the charge. The court specifically states: "[W]e are not confronted with a vicarious liability situation. We are faced with a case of interdependent or joint responsibility. But a close analogy may be drawn between the two situations." (44 Cal.App.3d at p. 502.) The court reasoned that it would be a legal impossibility for Jackson to be guilty of conspiracy while his alleged coconspirators were innocent; one cannot conspire with oneself.

■ Directing our attention to the case at bench, the verdict against Guerrero and the subsequent verdict against appellant may be said to be inconsistent in the sense that both men could have been convicted of first degree murder under the felony-murder doctrine but one was not. However, the foregoing authorities make it clear that the doctrine of collateral estoppel does not prevent inconsistencies of this kind. The evidence against the two defendants was not precisely the same; Guerrero was outside the building where the homicide took place, while appellant was present inside. The trier of fact may have exercised its power in the Guerrero case to find the defendant guilty of a lesser degree or class of crime than that shown by the evidence. Alternatively, the trier of fact in the case at bench may have been influenced by the presence and possible actual participation of appellant herein to find the greater degree of culpability. And even had there been a joint trial, had one been found guilty of a lesser offense than the other the judgment would not necessarily be reversed.

In *Taylor,* the Supreme Court concludes by stating: "[W]e limit today's holding to the particular circumstances of the instant case where an accused's guilt must be predicated on his vicarious liability for the acts of a previously *acquited [sic]* confederate." (*People* v. *Taylor, supra,* 12 Cal.3d at p. 698, italics added.) No cogent reason has been advanced for extending the doctrine of *Taylor* to the factual situation presented in the instant case; nor can it be said that it is a legal impossibility for appellant herein to be guilty of first degree murder because Guerrero was found guilty of only the lesser offense of second degree murder.

CONCLUSION

We therefore conclude that the doctrine of collateral estoppel does not apply in a case such as this. The degree of appellant's guilt is not dependent upon imputation from his previously tried coconspirator of an element of the crime. Nor is it legally impossible for him to be guilty of the offense charged in a higher degree than the degree of which his coconspirator has been found guilty.

The judgment is affirmed.

Franson, Acting P. J., concurred.

ANDREEN, J.,* Concurring.—The majority opinion correctly notes that the holding in *People* v. *Taylor* (1974) 12 Cal.3d 686 [117 Cal.Rptr. 70, 527 P.2d 622] was expressly limited to cases in which "an accused's guilt must be predicated on his vicarious liability for the acts of a previously acquitted confederate." (*Id.,* at p. 698.) The application of *Taylor* beyond its express language may be appropriate.

It is unnecessary to resolve this issue, however, because of a crucial distinction between the present case and *Taylor.* In *Taylor,* the court had before it the record of the trial in which the accomplice was acquitted. (See *People* v. *Taylor, supra,* at p. 692, fn. 6, and p. 697, fn. 13.) The court was able to determine from this record that the *only* theory upon which Taylor's murder conviction could be predicated had been litigated and resolved adversely to the People in the previous trial.

We are unable to make a similar finding in this case. While we know that Guerrero was initially charged with first degree murder, we cannot

---

*Assigned by the Chairperson of the Judicial Council.

determine in the absence of the complete record under what theories the jury was instructed to resolve the issue.

I would conclude that the doctrine of collateral estoppel is inapplicable to prevent appellant from being convicted of first degree murder because it has not been established that "the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated." (*Taylor,* at p. 691.)

Appellant's petition for a hearing by the Supreme Court was denied November 24, 1978.