[No. B102453. Second Dist., Div. Five. July 25, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
STANTON EDWARD ROSE, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. through IV. of the Discussion.

**COUNSEL**

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Pamela C. Hamanaka and Teresa G. Mann, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GRIGNON, Acting P. J.**—Defendant and appellant Stanton Edward Rose appeals from a judgment following a jury trial in which he was convicted of felony second degree burglary and felony petty theft with a prior theft conviction and three prior serious felony convictions were found to be true. Defendant was sentenced to state prison for 25 years to life. Defendant contends the trial court erred when it refused to reduce the offenses to misdemeanors, as required by Penal Code[1] section 659. In the published portion of the opinion, we conclude the trial court was not required to reduce defendant's felony convictions to misdemeanor convictions under section 659, even though he was convicted as an aider and abettor and the actual perpetrator was convicted of a misdemeanor. In the unpublished portion of the opinion, we address the remaining contentions. Defendant contends the trial court failed to exercise its discretion to strike the two prior robbery convictions and his sentence constitutes cruel and unusual punishment. The prosecution contends defendant is not entitled to any presentence conduct credit. We remand for resentencing, but otherwise affirm.

### PROCEDURAL BACKGROUND

Defendant and codefendant Barbara Ann Allen were charged by information with felony second degree burglary in violation of section 459 and petty theft with a prior theft conviction in violation of section 666. It was further alleged defendant had suffered three prior serious felony convictions within the meaning of section 1170.12 and six prior prison terms within the meaning of section 667.5, subdivision (b). Allen pleaded no contest to petty theft with a prior theft conviction as a misdemeanor and received a probationary sentence.[2] A jury convicted defendant as charged in the information and found to be true three prior serious felony conviction and six prior prison term allegations. The trial court sentenced defendant to state prison for a term of 25 years to life. Defendant appealed.

### FACTS

At approximately 3 p.m. on June 29, 1995, defendant went to the Santa Monica Robinsons-May department store with Allen and her 12-year-old son. Defendant entered the store with the intent to steal. The three of them working together stole a $240 handbag and left the store. Defendant detached the handbag from the security rack and walked away, Allen picked up the handbag and gave her fanny pack to her son. Allen and her son walked

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.
[2]Allen is not a party to this appeal.

out of the store together with the handbag. All three were immediately apprehended outside the store.

DISCUSSION

I. *Reduction to a Misdemeanor*

■ On October 17, 1995, prior to trial, defendant moved the trial court to reduce the two offenses to misdemeanors pursuant to section 17, subdivision (b). The trial court denied the motion. On March 1, 1996, prior to trial, defendant moved the trial court to reduce the two offenses to misdemeanors pursuant to section 659. This motion was also denied. At the conclusion of the evidentiary portion of the trial, defendant requested lesser offense instructions as to section 659. The request was denied. Defendant again requested that the offenses be reduced to a misdemeanor pursuant to section 659. This request was denied. At the time of sentencing, defendant once more requested reduction of the offenses to misdemeanors pursuant to sections 659 and 17, subdivision (b)(1). The motion was again denied. Defendant contends the trial court erred in denying the motions to reduce the offenses to misdemeanors pursuant to section 659. Defendant argues that he aided Allen in the commission of a misdemeanor and is, therefore, guilty of only a misdemeanor. We disagree.

Section 659 provides: "Whenever an act is declared a misdemeanor, and no punishment for counseling or aiding in the commission of such act is expressly prescribed by law, every person who counsels or aids another in the commission of such act is guilty of a misdemeanor."

Second degree burglary and petty theft with a prior theft conviction are "wobblers" or alternate felonies-misdemeanors, i.e., they are punishable by imprisonment in the state prison or by fine or imprisonment in the county jail. (§§ 461, 666.) "A *felony* is a crime which is *punishable* . . . by imprisonment in the state prison." (§ 17, subd. (a), italics added.) "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a *misdemeanor* for all purposes" *only* when a punishment other than state prison is imposed or the offense is designated or charged as a misdemeanor or determined or declared to be a misdemeanor. (§ 17, subd. (b), italics added.) Thus, second degree burglary and petty theft with a prior theft convictions are felonies, unless one of the circumstances set forth in section 17, subdivision (b) applies.

An aider and abettor is liable as a principal. (§ 31.) The fact that another principal is acquitted or convicted of a lesser offense does not bar the conviction of the aider and abettor for the charged offense. (*People* v. *Wilkins* (1994) 26 Cal.App.4th 1089, 1092-1096 [31 Cal.Rptr.2d 764] [acquittal of shooter in murder prosecution does not bar conviction of aider and abettor for murder]; *People* v. *Mata* (1978) 85 Cal.App.3d 233, 236-239 [149 Cal.Rptr. 327] [two aiders and abettors, one convicted of first degree murder and the other convicted of second degree murder].)

Here, the offenses with which defendant was charged were felonies, not misdemeanors. The offenses as to defendant could only be misdemeanors if so charged by the prosecutor or so sentenced by the trial court. The offenses were charged by the prosecutor and sentenced by the trial court as felonies. Defendant was charged and convicted as a principal. He is liable as a principal for the felony convictions. The fact that the actual perpetrator was ultimately sentenced on a misdemeanor has no effect on the nature of defendant's offenses or sentence. Accordingly, section 659 has no applicability to this case.[3]

Moreover, defendant was the actual instigator of the offenses, if not the actual perpetrator, and may have coerced Allen to commit the crime. In addition, defendant's criminal record was much more substantial than Allen's and Allen pleaded no contest. Finally, defendant was not an aider and abettor of the burglary. He personally entered the store with the intent to aid Allen in the theft of the handbag.

II.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3]Section 659 was enacted in 1872. The purpose of section 659 is somewhat obscure. Perhaps it relates to misdemeanor offenses which the aider and abettor is legally incapable of committing. (See Bus. & Prof. Code, §§ 7404.1 [barbers], 7716 [morticians], 23404 [alcohol sales]; Pub. Util. Code, § 1037 [passenger stage corporations]; *People* v. *Long* (1987) 189 Cal.App.3d 77, 84 [234 Cal.Rptr. 271] [underage drinking]; *Hutchins* v. *Municipal Court* (1976) 61 Cal.App.3d 77, 79-80 [132 Cal.Rptr. 158] [runners and cappers]; *Schenck* v. *Hirshfeld* (1913) 22 Cal.App. 709, 711 [136 P 725] [stakeholder of a bet on an election]; 42 Ops.Cal.Atty.Gen. 80, 82 (1963) [beer producer].) Or perhaps it is a relic of former distinctions among principals of the first degree, principals of the second degree (accomplices), accessories before the fact and accessories after the fact, which were applicable only to felonies, and not misdemeanors.

*See footnote, *ante*, page 990.

## DISPOSITION

The matter is remanded to the trial court for resentencing in accordance with *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. In all other respects, the judgment is affirmed.

Armstrong, J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 12, 1997. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.